UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICK CARRESI, MARK WHOOTEN, ROBERT D'AGASTINO, EUGENE FARESE, MICHAEL BARRILE, WILLIAM BERTRAND, FRANK BIANCO, PAUL BINDON, JOHN BRYANT, MOSES BRISSON, BRAD BUTERA, BRENDAN BUTLER, DOMINIC CAMILLI, MICHAEL CANNISTRANO, ERIK CAPOCCIA, SCOTT CARLIN, PATRICK CARRESI, ARTHUR CARTER, E. PETER COLON, WILLIAM CONSERVO, MATTHEW D'AGASTINO, MIKE DANIELE, ANTONIO DECARO, CLEBER DE ALMEIDA, ARBOLD DOBSON, MATTHEW DRAKAS, JOSEPH DRISCOLL, JEFF ECCLES, ANDREW FADDEN, JOHN FLEMING, ROBERT FLEMING, SR., JACKSON FLORESTAL, STEPHEN HODGDON, SETH HUMPHREYS, HENRY LANGEVIN, BEN LANGKOPF, DONALD LEBLANC, STEVEN MAGAZY, BRIAN MALO, TIMOTHY MCDONNELL, AL MORU, BRIAN NAPOLITANO, JEFFREY O'NEIL, DENNIS PANZA, GREGORY PEREZ, RUI PERPETUA, CHRIS PETRIE, MATTHEW PINZONE, BRIAN QUINN, CARLO QUILES, JOSEPH RATTA, JOSH RICHARDSON, BRIAN RIORDAN, KELVIN SANDERS, JR., MICHAEL SANFORD, BRIAN SAULNIER, NICK SHUBARIAN, PETER SPINELLI, PAUL THEA, GREGORY WANSIEWICZ, KENDELL WASHINGTON, PAUL WHELAN, JAMES WHITE, MARK WOODS, AND STEPHEN YERARDI
Plaintiffs

1

v.

CITY OF NEWTON
Defendant

# COMPLAINT AND JURY DEMAND

## PARTIES

1.  Plaintiffs Michael Barrile, William Bertrand, Frank Bianco, Paul Bindon, John Bryant, Moses Brisson, Brad Butera, Brendan Butler, Dominic Camilli, Michael Cannistrano, Erik Capoccia, Scott Carlin, Patrick Carresi, Arthur Carter, Patrick Carresi, E. Peter Colon, William Conservo, Matthew D'Agastino, Robert D'Agastino, Mike Daniele, Antonio Decaro, Cleber De Almeida, Arbold Dobson, Matthew Drakas, Joseph Driscoll, Jeff Eccles, Andrew Fadden, Eugene Farese, John Fleming, Robert Fleming, Sr., Jackson Florestal, Stephen Hodgdon, Seth Humphreys, Henry Langevin, Ben Langkopf, Donald LeBlanc, Steven Magazy, Brian Malo, Timothy McDonnell, Al Moru, Brian Napolitano, Jeffrey O'Neil, Dennis Panza, Gregory Perez, Rui Perpetua, Chris Petrie, Matthew Pinzone, Brian Quinn, Carlo Quiles, Joseph Ratta, Josh Richardson, Brian Riordan, Kelvin Sanders, Jr., Michael Sanford, Brian Saulnier, Nick Shubarian, Peter Spinelli, Paul Thea, Gregory Wansiewicz, Kendell Washington, Paul Whelan, James White, Mark Whooten, Mark Woods, and Stephen Yerardi and similarly situated employees ("Plaintiffs") are employed or have been employed by the Defendant City of Newton, Massachusetts ("Defendant").

2. Defendant City of Newton is a municipality organized under the laws of the Commonwealth of Massachusetts, and is located in Middlesex County.

## FACTUAL ALLEGATIONS

3. Plaintiffs are employed by Defendant Newton, including in its Public Works Department and subdivisions.

4. Plaintiffs' terms and conditions of employment, including their wages, are uniformly established by collective bargaining.

5. Presently, Plaintiffs and all similarly situated employees are represented in collective bargaining by Teamsters, Local 25. At other times relevant hereto, Plaintiffs were represented by the Newton Municipal Employees Association.

6. At all times relevant hereto, the collective bargaining agreements in place have required Newton to pay Plaintiffs and other employees covered by the collective bargaining agreements straight time and overtime wages for their work.

7. Defendant Newton's employment of Plaintiffs and similarly situated employees is subject to the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 206 and § 207.

## SUBJECT MATTER JURISDICTION

8. This court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331, federal question.

## COUNT I
## Violation of 29 U.S.C. § 207(a)
## Failure to Include Remuneration in the Regular Rate for the Purpose of Calculating Overtime

9. The overtime requirement of the FLSA requires a covered employer like Defendant Newton to pay employees entitled to overtime pay 1.5 times their "regular rate of pay" for all hours they work in excess of 40 hours worked in their regularly recurring seven-day workweeks.

10. Under the FLSA, the regular rate includes all remuneration paid to an employee, with a short list of exceptions not applicable here. 29 U.S.C. § 207(e).

11. At times relevant hereto, the collective bargaining agreements covering Plaintiffs and similarly situated employees have required Defendant Newton to pay Plaintiffs and similarly situated employees forms of remuneration, in addition to their straight time wages, that the FLSA required Newton to include in its regular rate calculations when calculating overtime due Plaintiffs and similarly situated employees under the FLSA, including:

- annual "longevity" payments based on their years of service (Article XXV);
- "premium" hourly payments for sanding and plowing (Article XLI); and
- "on-call" pay for "on-call" shifts (Article XLII).

12. During times relevant hereto, Defendant Newton has not included the aforementioned payments in making overtime payments it has been required to make

4

the Plaintiffs under the FLSA, because it has not included the aforementioned payments in calculating the regular rate required by the FLSA.

13.  By its failure to include these payments in calculating overtime due under the FLSA to Plaintiffs and similarly situated employees, Defendant Newton has underpaid them wages due and owing them, thereby causing them to suffer harm, injury, and damages.

## COUNT II
### Violation of 29 U.S.C. § 207(a)
### Failure to Count All Hours Worked for the Purpose of Calculating Overtime - Off the Clock Work

14.   Plaintiffs repeat all allegations made in this complaint.

15.   The FLSA requires a covered employer to pay its employees 1.5 times their regular rate of pay for all "hours worked" in excess of 40 in their regularly recurring seven-day workweeks.

16.   Under the FLSA, "hours worked" includes all time the employee suffers work or is permitted to suffer work.

17.   Compensable hours worked under the FLSA includes all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site or at any other location, and any time worked before or after the end of the normal shift to complete the work. Importantly, exertion is not necessary for an employee's task to constitute compensable time work, since an

employer, if he chooses, may hire a person to do nothing, or to do nothing but wait for something to happen.

19. Work performed but not counted toward FLSA hours worked is commonly referred to as "off the clock work," and will be referred to as such herein.

19. At times relevant hereto, Plaintiffs and other similarly situated employees were regularly scheduled to work eight-hour days, five days per week.

20. Despite this, during times relevant hereto, as a practice, on a daily basis, Plaintiffs and similarly situated employees, including Plaintiffs and similarly situated employees performed compensable work within the meaning of the FLSA, which Defendant considered off the clock, and for which it did not pay them straight time or overtime wages, including:

- work related to preparing work crews for their daily assignments;
- work related to preparing to perform work when on the clock;
- time required to remain idle while waiting for work assignments, including waiting for assignments on regular days worked, and time required to wait to be called in for snow or other emergencies;
- time spent preparing and moving equipment and vehicles before and after work shifts;

- time spent on administrative tasks during snow emergencies, including by being required to coordinate communications with DPW personnel who might be called in during snow emergencies.

21. Defendant Newton, by its agents, knew that Plaintiffs and similarly situated employees have performed the off the clock work described here, that this off the clock work has benefited Newton, and accepted the benefit of this work, without counting it as compensable, and paying Plaintiffs for performing it.

22. Although Defendant Newton, by its agents, knew Plaintiffs and similarly situated employees were performing work before their shifts started, Defendant Newton did not include the time Plaintiffs and similarly situated employees spent performing this work in calculating the wages it was obligated to pay Plaintiffs and similarly situated employees, either at their straight time or overtime rates of pay.

23. Rather, Newton considered this work to be "off the clock," and did not consider it in calculating straight time or overtime wages due Plaintiffs and similarly situated employees.

24. Pursuant to 29 U.S.C. § 207(a), Defendant Newton was obligated to pay 1.5 times their regular rate of pay for all hours they worked in excess of 40 in their regularly recurring seven-day workweeks.

25. Defendant violated 29 U.S.C. § 207(a) because it failed to pay Plaintiffs overtime wages due them under the law, including because it did not include the off the clock work described here that Plaintiffs and similarly situated employees worked

7

in their regularly recurring seven-day workweeks, thereby depriving them of overtime wages they were due under the Fair Labor Standards Act.

26. Plaintiffs and similarly situated employees have been harmed, injured and damaged by Defendant Newton's illegal acts.

## COUNT III
### Failure to Make Timely Payment of Overtime Wages- Violation of G.L. c. 149, § 148

27. Plaintiffs repeat all allegations made in this complaint.

28. Under the Massachusetts Wage Act, G.L. c. 149, § 148 ("the Wage Act") a covered employer has to pay covered employees all earned wages within seven-days, including overtime wages.

29. On an ongoing and continuous basis, Newton has failed to pay Plaintiffs and similarly situated employees their overtime wages within this seven-day period, in violation of the Wage Act.

30. Plaintiffs and similarly situated employees have been harmed, injured and damaged by Defendant Newton's illegal acts.

31. Plaintiffs have satisfied all prerequisites to suit under the Wage Act.

## COUNT IV
### Failure to Make Timely Payment of Earned Wages Violation of G.L. c. 149, § 148

32. Plaintiffs incorporate by reference all allegations made herein.

33. The Wage Act requires a covered employer to make timely payment of all earned wages to its employees.

34. A wage is earned under the Wage Act where the employee has completed the labor, service, or performance required of him.

35. Correspondingly, the Wage Act's requirement of timely payment is secured by virtue of the work or service actually performed.

36. Here, the Defendant City of Newton violated the Wage Act by failing to pay Plaintiffs and similarly situated employees straight time or overtime wages for their off the clock work, and by failing to pay them overtime wages required by the FLSA, as described above.

37. Plaintiffs and similarly situated employees have been harmed, injured and damaged by Defendant Newton's illegal acts.

## COUNT V
## COLLECTIVE ACTION ALLEGATIONS
## UNDER 29 U.S.C. § 216(b)

38. Plaintiffs seek to bring this action on behalf of themselves and all those similarly situated individuals pursuant to § 216(b) of the FLSA. Plaintiffs are similarly situated because as unionized employees, their terms and conditions of employment are subject to a collective bargaining agreement and uniformly implemented personnel policies. As set forth below, Plaintiffs and similarly situated employees were all subject to Defendant Newton's illegal practices under the FLSA. Annexed hereto as Exhibit A are the written consents of Plaintiffs to the filing of this Complaint pursuant to § 216(b) of the FLSA.

## COUNT VI
## CLASS ACTION COUNT UNDER THE MASSACHUSETTS WAGE ACT

39. Plaintiffs incorporate by reference all allegations made herein.

40. Plaintiffs bring Counts III-IV of this Complaint on behalf of themselves and similarly situated employees as a putative Rule 23 class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure for Defendant Newton's violations of the law.

41. The putative Rule 23 Class ("the Rule 23 Class") is defined to include:

> All individuals who from August 16, 2017 to the present (the "Class Period") Defendant Newton has employed in and who during this period were or are covered employees under recognition clauses of the collective bargaining agreements between Defendant Newton and the Newton Municipal Employees Association, and Defendant Newton and Teamsters Local 25, including all those employees listed in Article I, Union Recognition, attached here as Exhibit B.

42. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown at this time, upon information and belief, Defendant Newton employed more than 300 persons who satisfy the definition of the Rule 23 Class.

43. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members.

44. Plaintiffs' claims are typical of those of the Rule 23 Class. Plaintiffs, like other members of the Rule 23 Class, were subject to Defendant Newton's illegal wage practices. Plaintiffs and the Rule 23 Class have all been injured in that they have not been paid compensation due to Defendant Newton's common policies, practices, and patterns of conduct.

45. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class, and have retained counsel experienced in complex wage and hour class and collective action litigation. There is no conflict between Plaintiffs and the Rule 23 Class members.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

47. Class certification of Counts III-IV is appropriate under Mass. R. Civ. P. 23(b)(3) because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant Newton's common and uniform policies and practices denied the Rule 23 Class compensation to which they are entitled. The damages suffered by

the individual Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant Newton's practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follow:

A. An order allowing this action to proceed as a representative collective action under the FLSA, 29 U.S.C. § 216(b);

B. An order certifying this action as class action under Rule 23;

C. Judgment awarding Plaintiffs and all similarly situated employees all unpaid overtime compensation, liquidated damages, attorney's fees and costs as mandated under the FLSA, 29 U.S.C. § 216(b);

D. Judgement awarding Plaintiffs and all similarly situated employees all unpaid wages, treble damages, attorney's fees, and costs as mandated by G.L. c. 149, § 148 and § 150;

E. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

F. All such other and further relief to which Plaintiffs may show themselves to be justly entitled.

## JURY DEMAND

A trial by jury is demanded on all counts so triable.

        Respectfully submitted,

        PLAINTIFFS,

        By their attorney,

        s/Daniel W. Rice
        Daniel W. Rice, BBO # 559269
        Attorney at Law
        25 Braintree Hill Office Park, Suite 200
        Braintree, Massachusetts 02184
        (781) 964-8377 (mobile)
        daniel.rice@glhrlaw.com

Dated: August 16, 2020