UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK CARRESI, *ET ALIA*<br>Plaintiffs<br><br>v.<br><br>CITY OF NEWTON<br>Defendant | C.A. NO. 20-11538-DJC |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

The parties hereby request court approval of their agreement to settle this action in its entirety. Because this settlement includes resolution of claims brought under the Fair Labor Standards Act, 29 U.S.C. § 207(a) (the "FLSA"), it must be approved by this Court. *See Singleton et al. v. AT&T Mobility Services, LLC*, 146 F.Supp.3d 258, 260 (D. Mass. 2015), *citing* 29 U.S.C. § 216(b).

The Court should approve the settlement because it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," and thereafter dismiss Plaintiffs' claims with prejudice. *Singleton*, 146 F.Supp.3d at 260, *quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin.*, 679 F.2d 1350, 1355 (11th Cir.1982).

I. **Background**

Sixty-four named Plaintiffs, all unionized employees of Newton's Department of Public Works and Parks & Recreation Departments, commenced this action on August 16, 2020. Plaintiffs amended the Complaint on November 18, 2020.

The Amended Complaint contains six substantive counts alleging that the City committed various violations of the FLSA (Counts I-III) and the Massachusetts Wage Act (Counts IV-VI).[1] Following the filing of the initial Complaint, sixty-one additional plaintiffs joined this suit: currently, a total of 124 current and former City of Newton employees have opted-in as Plaintiffs in this matter.[2]

Following the filing of the Complaint, the parties engaged in significant written discovery in this action. Plaintiffs submitted several rounds of discovery requests and the City produced thousands of pages of documentary evidence, including detailed payroll records for all Plaintiffs. In addition, detailed interrogatory requests were propounded and answered on both sides. Four separate depositions were noticed and taken. Both parties retained financial experts to analyze years of payroll records for FLSA compliance.

In addition to this discovery practice, the parties engaged early on to attempt to resolve this matter short of full litigation. On April 30, 2021, the parties attended a daylong mediation session with the Honorable Katherine Robertson. The parties' mediation efforts included the production of a detailed analysis of the City's history of FLSA payments that was produced by Defendant's expert and reviewed by Plaintiff's expert, as well as the exchange of legal memoranda between counsel concerning key legal issues in dispute. Following the April 30 session, the parties continued actively negotiating in good faith and were able to reach a negotiated compromise on all of Plaintiffs' claims on July 23, 2021.

---

[1] In addition, Counts VII and VIII of the Amended Complaint alleged that Plaintiffs should be allowed to proceed in this matter collectively, pursuant to 29 U.S.C. § 216(b) and Massachusetts Rule of Civil Procedure 23.
[2] *See* D.E. 7, 9, 10, 11, 13, 14, 22, 27, 47, 48, 49, 52, 53, 55, 56; *see also* D.E. 60 (Stipulation of Dismissal of Claims of Plaintiff Brian Quinn With Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)).

II.     **This Court Should Approve the Proffered Settlement Agreement.**

This Court may approve a settlement involving FLSA claims "upon a finding that all parties to the action have agreed to it, and that it represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Singleton v. AT&T Mobility Services*, 146 F.Supp.3d 258, 260 (D. Mass. 2015) (citations and quotations omitted). When evaluating whether a proposed settlement is "fair and reasonable,"

> courts consider the "totality of the circumstances," which may include such factors as " (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

*Id.* at 260-21.

Here, the parties submit that the proposed settlement is a fair and reasonable resolution of all the claims raised in this matter and an appropriate balance of the *Singleton* factors listed above. The parties, both represented by experienced counsel, engaged in lengthy discovery practice to ascertain the extent and nature of the claims at issue. Since January 2021, the parties have engaged in good-faith negotiations regarding plaintiffs' claims. These negotiations have included consultations with experts regarding the range of potential recovery in this case, a mediation session with Judge Robertson in April, and significant back-and-forth between counsel over the disputed legal issues in this matter.

While the parties have a "bona fide" dispute as to the scope and magnitude of the expected recovery in this case, both sides have carefully considered the costs and risks of litigation and believe the proposed settlement appropriately balances the interests on both sides. Both parties have also comprehensively discussed the costs and benefits of resolution and the proposed settlement agreement with their clients – all of whom are in agreement that this resolution is

appropriate and fair given the nature of the claims at issue. The parties have also considered the fact that settlement will provide a speedy recovery for Plaintiffs in this matter without further delay or litigation.

## CONCLUSION

Based on the foregoing, the parties respectfully request that the Court approve the parties' proposed settlement agreement as fair and reasonable. The settlement terms were reached following a full course of discovery and mediation with a federal judge, and following a full and complete review of factual and legal matters in dispute by experienced counsel, including review of the financials by experts on both sides. Upon the approval of this motion, Plaintiffs will receive the settlement payments without further delay or further litigation risk. *Singleton*, 146 F. Supp. 3d at 260. The parties further jointly request that the Court dismiss this action with prejudice.

RESPECTFULLY SUBMITTED,

PLAINTIFFS PATRICK CARRESI *ET AL.*

By their Attorney,

s/Daniel W. Rice
Daniel W. Rice, BBO # 559269
HARRINGTON & RICE, P.C.
25 Braintree Hill Office Park, Suite 200
Braintree, MA 02184
(781) 964-8377
dwr@harringtonrice.com

CITY OF NEWTON,

By its Attorney,

*/s/ Jennifer C. Pucci*

>Jennifer C. Pucci (BBO #669823)
>Assistant City Solicitor
>City of Newton Law Department
>1000 Commonwealth Ave
>Newton Centre, MA 02459
>617-796-1240
>jpucci@newtonma.gov

Dated:  September 21, 2021

## CERTIFICATE OF SERVICE

 I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 21, 2021.

>/s/ Daniel W. Rice
>Daniel W. Rice